**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Miguel Guillen GARCIA, also known as
Miguel A. Guillen, also known as Mi-
guel Guillen–Garcia, also known as
Sergio Guillen, also known as Miguel
Angel Guillen, Defendant–Appellant.**

No. 09–20783

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 2010.

James Lee Turner, Assistant U.S. Attor-
ney, U.S. Attorney's Office, Houston, TX,
for Plaintiff–Appellee.

Nancy C. Harrison, Nancy Harrison &
Associates, Houston, TX, for Defendant–
Appellant.

Before JONES, Chief Judge, and
JOLLY and SOUTHWICK, Circuit
Judges.

PER CURIAM: *

Miguel Guillen Garcia appeals the sen-
tence imposed upon his guilty-plea convic-
tion for illegal reentry after having been
deported subsequent to a conviction for an
aggravated felony. *See* 8 U.S.C. § 1326.
He was sentenced to 72 months of impris-
onment. The calculation of his guidelines
sentencing range of 70 to 87 months in-
cluded a 16–level enhancement under
U.S.S.G. § 2L1.2 because his prior depor-
tation followed a Texas conviction for bur-

glary of a habitation. Guillen Garcia's first
four arguments are reviewed for plain er-
ror. *See United States v. Peltier,* 505 F.3d
389, 391 n. 1 (5th Cir.2007). Nonetheless,
Guillen Garcia has identified no error,
plain or otherwise.

Guillen Garcia asserts that his sentence
violates the Eighth Amendment's guaran-
tee against cruel and unusual punishment.
A 72–month sentence for a first illegal
reentry offense by a defendant with a pri-
or felony conviction for burglary of a habi-
tation is not grossly disproportionate to
the crime. *See Rummel v. Estelle,* 445
U.S. 263, 284–85, 100 S.Ct. 1133, 63
L.Ed.2d 382 (1980); *United States v.
Cardenas–Alvarez,* 987 F.2d 1129, 1134
(5th Cir.1993).

Next, Guillen Garcia contends that his
sentence violates the Constitution's guar-
antee of equal protection, arguing that
there is a wide disparity of sentences be-
tween those who receive the 16–level en-
hancement under § 2L1.2 and similar of-
fenders who lack a prior aggravated felony
conviction. Guillen Garcia fails to show
how an alien who was previously deported
following conviction for an aggravated felo-
ny is situated similarly to an alien without
a prior aggravated felony conviction or to
any other offender who has committed an
offense that has a lower offense level. *See
Cardenas–Alvarez,* 987 F.2d at 1134.

There is no merit to Guillen Garcia's
argument that his sentence is unreason-
able because § 2L1.2 lacks an empirical
basis; this issue is foreclosed by circuit
precedent. *United States v. Mondragon-
Santiago,* 564 F.3d 357, 366–67 (5th Cir.),
*cert. denied,* —— U.S. ——, 130 S.Ct. 192,
175 L.Ed.2d 120 (2009); *see also United
States v. Duarte,* 569 F.3d 528, 529–31 (5th
Cir.), *cert. denied,* —— U.S. ——, 130 S.Ct.
378, 175 L.Ed.2d 231 (2009).

---

862

Similarly without merit is Guillen Garcia's argument that his burglary-of-a-habitation conviction was impermissibly double-counted because it was counted in both his offense level and his criminal history score. *See, e.g., Duarte,* 569 F.3d at 529–31. The Guidelines do not prohibit "double counting" in this case. § 2L1.2, comment. (n.6); *see United States v. Hernandez–Hernandez,* 356 Fed.Appx. 717, 718–19 (5th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 2135, 176 L.Ed.2d 753 (2010).

Guillen Garcia challenges the substantive reasonableness of his sentence and the applicability of the presumption of reasonableness for a within-guidelines sentence. *See Rita v. United States,* 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008). He asserts that his offense was nothing more than an international trespass. Guillen Garcia advances no persuasive reason to question the applicability of the presumption of reasonableness or to disturb the district court's choice of sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Aguirre–Villa,* 460 F.3d 681, 683 (5th Cir.2006) (implicitly rejecting the contention that the defendant's illegal reentry was " 'at bottom' " merely "an international trespass").

There is no merit to the argument that Guillen Garcia's sentence should be shorter because he will serve "harder time."

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under